UNITED STATES, Appellee

v.

ERNEST MARTIN, Sergeant First Class, U. S. Army, Appellant

1 USCMA 82, 1 CMR 82

MR. Stanley Gewirtz, Washington, D. C., for Appellant.
MAJ. George B. Springston, USA, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Like several others involving the same legal issue, this case is before us on motion to dismiss for want of jurisdiction filed by appellate Government counsel to accused's timely petition for review dated August 31, 1951.

This petitioner was charged with the commission of twenty-five offenses specified under Article of War 96, all concerning alleged violations of security regulations. Since the nature of the offenses involved is irrelevant to the issue here before us, the specifications will not be described in greater detail. The accused was tried by general court-martial at Tokyo, Japan, on February 20, 23, 24, and 26, 1951, and was found either guilty as charged, or guilty with exceptions and substitutions, under seventeen specifications, and not guilty under eight. He was sentenced to be dishonorably discharged the service, to forfeit all pay and allowances to become due after the date of the order directing execution of the sentence, and to be confined at hard labor for six years and four months. The convening authority approved the findings of guilty and the sentence in its discharge and forfeiture aspects, but reduced the confinement at hard labor to one year and six months.

The record of trial was thereafter considered by a board of review in the Office of The Judge Advocate General, United States Army, which on May 30, 1951, held it legally sufficient to support the findings of guilty and the sentence. Thereafter, by 1st Indorsement, dated May 30, 1951, to the short, decision of the board of review the appointing authority was informed of the board's action, advised that confirming action was not deemed necessary by the board or The Judge Advocate General, and authorized to issue orders directing the execution of the sentence. On June 9 following, by General Court-Martial Orders No. 16, Headquarters, Headquarters and Service Command, General Headquarters, Far East Command, the sentence was duly ordered executed.

The question of the jurisdiction of this Court under Article 67, Uniform Code of Military Justice (Act of May 5, 1950, 64 Stat. 108; 50 U. S C. §§ 551–736) and the phasing scheme contemplated in Executive Order 10214, February 8, 1951, was considered by us and answered in our opinion in United States v. Sonnenschein (No. 8), 1 USCMA 64, 1 CMR 64, decided November 27, 1951. Our decision in that case is controlling in the instant case, and we therefore grant the Government's motion to dismiss.

We have not neglected to consider the presence of minor factual differences between this case and United States v. Sonnenschein, supra. Here, for example, the record of trial was not considered by the Judicial Council, United States Army, and some of the problems involved in the earlier case are not to be found in the present one. However, here, also, it is to be observed that not only was the record of trial transmitted to the board of review prior to May 31, 1951, the cut-off date provided in the Executive Order, but also the board's final

'action was taken before that time. Moreover, by May 30, 1951, the question of the desirability of confirmation had been determined adversely to such action and the appointing authority authorized to order the sentence into execution. In short, once May 31, 1951, had arrived, nothing remained to be done in this case save the purely formal and ministerial business of execution. We hold, therefore, that favorable action on the petition of the accused is foreclosed by the Sonnenschein decision, and that for reasons developed there we are without jurisdiction to review the present record.

The motion is accordingly granted and the accused's petition dismissed.

Chief Judge QUINN and Judge LATIMER concur.